**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra M. Morales,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JoAnne B. Barnhart, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CIV 05-1230-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court are Plaintiff's Motion for Summary Judgment (dkt. 15) and Defendant's Cross-Motion for Summary Judgment (dkt. 17). After consideration of the arguments advanced by the parties, the Court makes the following rulings.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits and supplemental security income with the Social Security Administration (the "SSA") on December 18, 2001, alleging disability commencing on December 2, 2001. (Administrative Record ("AR") at 53-58.) Plaintiff asserted disability on the basis of diabetes and kidney disorder due to a high risk pregnancy. Plaintiff's applications were denied initially on October 1, 2002, at which time Plaintiff moved the agency for reconsideration. (AR at 30-35.) On reconsideration, the agency affirmed its decision. (AR at 36-39.) Plaintiff then requested a hearing before an Administrative Law Judge (the "ALJ"), which was held on January 26, 2004. (AR at 44-45, 275-93.) On March 25, 2004, the ALJ Ronald S. Robins ruled that Plaintiff was not under a

disability, and therefore not entitled to receive disability insurance benefits or supplemental security income payments. (AR at 14-22.) In so finding, the ALJ determined that Plaintiff "has a severe impairment or combination of impairments, but retains the residual functional capacity to perform past relevant work." (AR at 18.) Plaintiff requested agency review of the ALJ's decision on May 20, 2004. (AR at 11-13.) On February 25, 2005, the Appeals Council denied Plaintiff's request to review the ALJ's determination, thereby rendering the decision of the ALJ the Commissioner's final determination. (AR at 6-8.) Plaintiff now seeks judicial review of the ALJ's determination from this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. See Batson v. Commissioner of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). When reviewing factual determinations by the Commissioner, acting through the administrative law judge, this Court affirms if substantial evidence supports the determinations. See Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003); Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003); Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion. Howard, 341 F.3d at 1011; Morgan v. Commissioner of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner. See Batson, 359 F.3d at 1193; McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. See Benton, 331 F.3d at 1040; Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ's determinations of law are reviewed de novo, although

- 2 -

deference is owed to a reasonable construction of the applicable statutes. See Edlund, 253 F.3d at 1156; McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000).

## DISCUSSION

Plaintiff argues that three errors committed by the ALJ warrant summary judgment in her favor: (1) the ALJ improperly found Plaintiff's testimony not fully credible; (2) the ALJ improperly accepted the State Agency physician's estimate of Plaintiff's ability to perform specific work; and (3) the ALJ failed to consult a vocational expert to analyze the differences between Plaintiff's work as a receptionist as she performed it and the job of a receptionist as it is usually performed. The Court proceeds to address each of Plaintiff's arguments.

### I. Credibility Determination

The ALJ identified several inconsistencies in the record to support his determination that Plaintiff's allegations regarding her functional limitations were not "fully credible." (AR at 20.) Specifically, the ALJ relied on (i) the objective medical evidence, which demonstrated that Plaintiff's condition had improved within one year of her alleged disability onset date; (ii) the absence of any medical source of record, treating, examining, or otherwise, opining that Plaintiff is disabled or unable to work; and (iii) the uncontradicted opinion of the State Agency physician who reviewed the documentary record at the reconsideration level and opined that Plaintiff retained the residual functional capacity to lift 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk for at least 2 hours out of an 8-hour workday, sit for about 6 hours out of an 8-hour workday, occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl, and avoid climbing ladders/ropes/scaffolds. (AR at 20.)

Plaintiff argues that the ALJ found no evidence of malingering, but failed to provide clear and convincing reasons for discrediting her "description of . . . subjective symptoms, primarily fatigue and swelling of her legs." (Dkt. 15 at 3.) Specifically, Plaintiff takes issue with each of the three reasons provided by the ALJ. (Id. at 4-11.)

### A. **Medical Improvement**

Plaintiff argues that the medical evidence does not demonstrate improvement in her condition, but instead "showed no significant change." (Dkt. 15 at 4-6.) A review of the entire record reveals that the ALJ legitimately determined Plaintiff had experienced medical improvement within one year of her alleged disability onset date. (AR at 20.) In support of this finding, the ALJ considered several factors, including the duration of Plaintiff's condition over the requisite twelve month period (AR at 19-20), the circumstances that contributed to her impairment (pregnancy and subsequent complications), and objective medical evidence demonstrating that her condition began to improve after she delivered by cesarean section in June 2002. (AR at 19.) In addition, the ALJ found that Plaintiff's January 2003 and July 2003 medical records confirmed improvement in the control of her diabetes. The ALJ also found significant Plaintiff's admission that she had been feeling well since September 2002. (Id.) See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (reasonably controlled impairment cannot be used as basis for disability).

With regard to Plaintiff's complaints of additional problems with low back pain, the ALJ properly noted that the medical record does not contain objective evidence of any musculoskeletal impairment that could reasonably be expected to produce low back pain. (AR at 18, 94-95.) Plaintiff did not submit x-rays to support her complaints, and no medical records confirm her self-report that she began experiencing back pain in March 2003 (AR 94-95). See 20 C.F.R. §§ 404.1528(a) (claimant's statements alone are not enough to establish that there is a physical or mental impairment); 416.928(a) (same). In short, Plaintiff failed to show that her alleged back pain was in any respect corroborated by medical evidence. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects"); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989) ("claimant must

1   submit objective medical findings establishing medical impairments that 'could reasonably be
2   expected to produce the pain'").

3         Plaintiff contends the medical evidence does not demonstrate "improvement," because
4   her blood sugar levels of 264 in January 2003 and 305 in July 2003 "reflect poorly controlled
5   diabetes" and her visible edema "was designated 1+ bilaterally in September 2002."[1] (Dkt. 15
6   at 4, 5.) However, Plaintiff is simply requesting this Court to re-weigh the evidence, which it
7   cannot do. Rather, it is the ALJ's responsibility to determine credibility and resolve conflicts
8   and ambiguities in the medical and non-medical evidence; when the evidence is susceptible to
9   more than one rational interpretation, and one is provided, the ALJ's conclusion must be
10  upheld. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (when evidence reasonably
11  supports confirming or reversing ALJ's decision, court may not substitute its judgment for that
12  of the ALJ); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53
13  F.3d 1035, 1041 (9th Cir. 1995). Moreover, the ALJ is not required to accept every symptom
14  of which a claimant complains as rising to the level of a functional limitation. See Magallanes
15  v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989) (ALJ is free to accept or reject claimant's
16  proposed restrictions as long as the decision is supported by substantial evidence).

17        **B.**    <u>**Absence of Medical Statements that Plaintiff was "Disabled"**</u>

18        Relying on Social Security Ruling ("SSR") 96-5p, Plaintiff challenges the ALJ's
19  credibility determination because he relied on "the absence of any medical source of record,
20  treating/examining/or otherwise, opining that [Plaintiff] is disabled or unable to work." (AR
21  at 20.) Plaintiff contends this reasoning "constitutes a material error of law" because "[t]he ALJ
22  is not bound by, and could not lawfully premise a favorable decision on, conclusory statements
23  . . . that an individual 'is disabled or unable to work.'" (Dkt. 15 at 6.) Thus, Plaintiff posits,
24  "[t]he ALJ's suggestion that he would have accepted a medical source's conclusory statement

---

26  [1] At the hearing, Plaintiff did not complain of having difficulties controlling high blood
27  sugar readings, but instead complained of low sugar readings. (AR at 290-91.) Plaintiff cites no medical evidence to corroborate her complaints of low sugar readings.

28  - 5 -

1 to find Plaintiff disabled . . . is not a valid reason to reject Plaintiff's subjective complaints."
2 (Id. at 7.) The Court disagrees.

3 Plaintiff has failed to cite any authority that prohibits a Commissioner from relying on
4 the absence of medical evidence in the record, and case law governing this issue is to the
5 contrary. Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983) (Commissioner is "entitled
6 to rely not only on what the [medical] record says, but also on what it does not say"); Catrain
7 v. Barnhart, 325 F.Supp.2d 183, 192 (E.D.N.Y. 2004) ("Because the burden is on the plaintiff
8 to prove that she is unable to do her past relevant work, the ALJ is entitled to rely on the
9 absence of opinions that she is unable to do such work"). Moreover, the ALJ in no way
10 suggested that he would have found Plaintiff credible if she had submitted a medical opinion
11 that she was disabled. Rather, the ALJ simply provided an additional reason why he found
12 Plaintiff's testimony not fully credible. This was not error. See Raney v. Barnhart, 396 F.3d
13 1007, 1011 (8th Cir. 2005) (rejecting claimant's argument that ALJ improperly evaluated her
14 credibility even though ALJ "emphasized the absence of any doctor's opinion stating [claimant]
15 is disabled"); SSR 96-5p (A treating physician's opinion on the ultimate issue of disability "can
16 never be entitled to controlling weight or given special significance," but "must not be
17 disregarded").

18 **C.    State Agency Medical Consultant's Opinion about Functional Capacity**

19 Finally, in determining that Plaintiff was not fully credible, the ALJ relied on the
20 uncontradicted opinion of the State Agency physician, Dr. Hopkins, regarding what Plaintiff
21 could and could not do in the workplace. Plaintiff contends the ALJ erred in relying on Dr.
22 Hopkins' opinion in finding her not fully credible. (Dkt. 15 at 7-10.)

23 Considering the six factors listed in 20 C.F.R. §§ 404.1527(d) and 416.927(d), the ALJ
24 assigned "great weight" to Dr. Hopkins' opinion on the grounds that he is "a medical source
25 familiar with the medical requirements for disability under the SSA and Regulations" and his
26 opinion "is well supported by the medical evidence of record." (AR at 20.) Both the record and
27 applicable regulations support the ALJ's decision to rely on the uncontradicted opinion of Dr.
28

- 6 -

Hopkins. See infra at 7-9. Thus, the ALJ did not err in citing Dr. Hopkins' opinion as one of the three reasons he found Plaintiff's testimony not fully credible. See Rollins, 261 F.3d at 857; Benton, 331 F.3d at 1040 (the ALJ is responsible for determining credibility)..

### D. Conclusion on Credibility

The Court is assured by the ALJ's explicit findings that he considered Plaintiff's testimony and did not arbitrarily dismiss her complaints, which is the purpose of the clear and convincing requirement. See Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)(en banc) ("[a] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of the claimant's allegations"). In determining that Plaintiff was not entirely credible regarding her functional limitations, the ALJ comprehensively reviewed the objective medical evidence, including the reports and opinions of Plaintiff's physicians, the opinion of Dr. Hopkins, and Plaintiff's own testimony. (AR at 18-20.) After reviewing the ALJ's decision and the evidence, the Court finds that the ALJ properly advanced his reasons for discrediting Plaintiff's alleged functional limitations. Therefore, the ALJ's determination in this respect is supported by substantial evidence. See Batson, 359 F.3d at 1193.

## II. Plaintiff's Residual Functional Capacity

Plaintiff contends the ALJ erred in relying solely on Dr. Hopkins' estimate of her ability to perform specific work activities as Plaintiff's "residual functional capacity." (Dkt. 15 at 11-12.) The record belies this argument. Rather, as detailed below, the ALJ determined Plaintiff's residual functional capacity ("RFC") in compliance with the applicable Regulations and his RFC determination is supported by substantial evidence.

Pursuant to 20 C.F.R. §§ 404.1545(a) and 416.945(a), the ALJ is required to determine a claimant's RFC based on all of the relevant evidence in the record, including, among other things, the claimant's medical history, medical signs, and medical source statements. See SSR 96-8p. In an analytical process involving four steps, the ALJ properly determined Plaintiff's RFC by considering all of the relevant evidence in the record.

First, after detailing Plaintiff's medical history, medical impairments, and course of treatment (see AR 19-20), the ALJ determined Plaintiff's mental and physical RFC by considering both the objective medical evidence and Plaintiff's "subjective allegations." (AR at 20.) In evaluating her subjective complaints, the ALJ carefully considered her daily activities; the location, duration, frequency and intensity of Plaintiff's symptoms; factors that precipitated and aggravated her symptoms; the adverse side-effects of the medication she took to alleviate certain symptoms (Lasix); other measures used by Plaintiff to relieve pain or other symptoms; how the symptoms limit Plaintiff's daily activities; and Plaintiff's functional limitations (see AR at 282-89).[2] See 20 C.F.R. §§ 404.1529 and 416.929.

Second, based on Plaintiff's medical impairments (AR at 18) and the description of her medical treatment since the onset of disability, the ALJ found a reasonable basis that Plaintiff "has been significantly limited in her capacity to perform basic work activities at all times relevant" to his decision. (AR at 20.) However, based on the ALJ's reasonable determination that Plaintiff "experienced medical improvement within a year of her alleged disability onset date" (id.), he further concluded that such improvement allowed her "to perform a range of work at the sedentary exertional level on a sustained basis (i.e., throughout an 8-hour workday) since that time." (Id.) After reaching this conclusion, the ALJ reviewed Dr. Hopkins' uncontradicted opinion that Plaintiff retained the RFC to lift 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk for at least 2 hours out of an 8-hour workday, sit for about 6 hours out of an 8-hour workday, occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl, and avoid climbing ladders, ropes, and scaffolds. (AR at 20, 152-59.)

Third, applying the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d), the ALJ "assign[ed] great weight to the opinion" of Dr. Hopkins, on the grounds that (i) he is a

---

[2] Under questioning by the ALJ, Plaintiff testified that she could stand for ten to fifteen minutes at a time; that her thighs hurt when she walked but she was able to stand up and walk again if he sat for five minutes; that she could stoop, bend, kneel, and twist, but not squat; she would have difficulty on uneven surfaces; and she could lift no more than ten pounds. (Id.)

1 medical source familiar with the medical requirements for disability under the SSA and
2 Regulations; and (ii) his opinion was well supported by the medical evidence of record that
3 reflected significant improvement in Plaintiff's condition. (AR at 20.)

Fourth, based on his review of Plaintiff's severe and non-severe impairments, "considered singly and in combination," and affording "great weight" to Dr. Hopkins' opinion, the ALJ concluded that, within 12 months of her disability onset date, Plaintiff retained the RFC "to lift 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk for at least 2 hours out of an 8-hour workday, sit for about 6 hours out of an 8-hour workday, occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl, but must avoid climbing ladders, ropes, and scaffolds." (AR at 20.)

Contrary to Plaintiff's argument, this analysis demonstrates that the ALJ's RFC assessment did not rely on only one of the eleven elements listed in SSR 96-8p (i.e., Dr. Hopkins' estimate of Plaintiff's RFC); instead, the ALJ properly considered all of the applicable factors set forth in SSR 96-8. Moreover, given that the ALJ did not rely solely on Dr. Hopkins' opinion in determining Plaintiff's RFC, and that Dr. Hopkins' opinion was not contradicted but instead consistent with other evidence in the record, substantial evidence supports the ALJ's decision "that Dr. Hopkins' estimate of Plaintiff's ability to perform specific work activities was the same as, or at least equivalent to, Plaintiff's" RFC. See Magallanes, 881 F.2d at 752 (ALJ may rely on a non-treating, non-examining medical expert's assessment as long as that opinion is (i) "not contradicted by all other evidence in the record," (ii) "consistent with other evidence"; such opinion alone, however, does not constitute substantial evidence).

**III.    Vocational Expert**

Plaintiff argues that the ALJ should have consulted a vocational expert to analyze the differences between her past work as a receptionist and that work as it is generally performed

in the national economy because the ALJ "is not qualified to distinguish the different jobs."[3] (Dkt. 15 at 12-13.) Specifically, Plaintiff claims that "[t]he more accurate categorization of [her] past job may have been as an administrative clerk, not a receptionist," which would have required a different analysis. (Id. at 13.) This argument is not persuasive.

Work experience is considered relevant if it was done within the last fifteen years, lasted long enough for Plaintiff to learn to do it, and was substantial gainful activity. See 20 C.F.R. § 404.1565(a). The burden is on the claimant to prove that she cannot perform past relevant work. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993). To determine whether an individual can perform her past relevant work, the ALJ may consider a number of sources, including an individual's statements, medical evidence, and corroborative evidence from the Dictionary of Occupational Titles (the "DOT"). See 20 C.F.R. §§ 404.1565, 404.1566, 416.965, 416.966. The Court finds that the ALJ properly considered the requisite sources and determined that Plaintiff's past relevant work included work as a receptionist.

Plaintiff reported past work as a receptionist, and specifically stated that her work involved file clerk and customer service tasks, answering telephones, scheduling appointments, operating and maintaining the postage meter and fax machines, and preparing inventory reports. (AR at 77, 282.) In addition, Plaintiff represented that, while working as a receptionist, she sat, stood, knelt, crouched, wrote, typed, handled small objects, and carried boxes between 50 and 100 pounds back and forth from the file room. (Id.)

DOT number 237.367-038 specifically describes the job of "receptionist," as it is usually performed in the national economy. The job of a receptionist in the national economy is "sedentary" and includes the following tasks: answering the telephone, distributing mail and messages, making appointments. Sedentary work is performed primarily in a seated position, and involves lifting small items weighing ten pounds or less. No significant postural activities

---

[3] Contrary to Plaintiff's assertion, a vocational consultant, rather than the ALJ, distinguished her past work experiences and determined the description that most accurately characterized her former work. See AR at 161-165.

- 10 -

are required. See 20 C.F.R. §§ 404.1567(a); 416.967(a) (describing sedentary work); SSR 83-10 (sedentary work requires "periods of standing or walking [that] should generally total no more than about 2 hours of an 8-hour work day").

For two reasons, the ALJ did not err in failing to call a vocational expert to analyze the differences between Plaintiff's past work as a receptionist and that work as it is generally performed in the national economy. First, as previously discussed, the ALJ properly recognized that Plaintiff is precluded from performing her past relevant work "as a receptionist as she described it at the heavy exertional level," but is able to perform that job as it is usually performed in the national economy, i.e., at the sedentary exertional level (see supra at 7-9). SSR 83-10 (sedentary work requires "periods of standing or walking [that] should generally total no more than about 2 hours of an 8-hour work day"); 20 C.F.R. § 404.1567(a) (sedentary work performed primarily in seated position and involves lifting small items weighing ten pounds or less); cf. 20 C.F.R. § 404.1567(d) ("Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."). Second, Plaintiff has failed to carry her burden of proving that she could not perform her past relevant work as it is generally performed in the national economy (i.e., at the sedentary level). Matthews, 10 F.3d at 681. Indeed, the ALJ relied on Plaintiff's own description of her work duties as a receptionist in concluding that she could not perform that job at the heavy exertional level, but *could* perform that job, even with her impairments, at the sedentary exertional level. His conclusion in that respect is supported by substantial evidence (see AR at 77, 282, 285-287). Id. (holding that an ALJ could rely on the claimant's testimony about a prior position in determining its requirements).

The Court also rejects Plaintiff's assertion that this case should be remanded simply because the text of the ALJ's decision mistakenly cites the DOT number for the job of a nursing school attendant, rather than a receptionist. (Dkt. 15 at 13.) This typographical error is harmless because the ALJ's decision clearly states that Plaintiff is able to perform the job of *receptionist* as it is usually performed in the national economy at the sedentary level, and thus

citation to DOT number 359.677-018 (nursing school attendant) does not impact the substance of his decision or analysis. (AR at 21.) See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error rule is applicable to an ALJ's decision); Booz v. Secretary of Health and Human Servs., 734 F.2d 1378, 1381 (9th Cir. 1984) (error harmless if there is no reasonable possibility that error would have changed outcome of case).

## CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by substantial evidence. See Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003); Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). Therefore, summary judgment in favor of Defendant is appropriate as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Debra M. Morales' Motion for Summary Judgment is **DENIED**. (Dkt. 15.)

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion for Summary Judgment is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST DEBRA M. MORALES**. (Dkt. 17.)

DATED this 24th day of July, 2006.

_____
Stephen M. McNamee
United States District Judge